# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-119V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ROBERT HOFSTETTER, | |
| Petitioner, | Filed:  April 21, 2014 |
| v. | Petitioner's Motion for a Decision; Dismissing the Petition for Insufficient Proof of Causation; Vaccine Act Entitlement; Denial Without Hearing |
| SECRETARY OF HEALTH AND HUMAN SERVICES , | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Amy C. Gunn, St. Louis, MO, for Petitioner

Jennifer L. Reynaud, Washington, DC, for Respondent

## DECISION[1]

On February 14, 2013, Robert Hofstetter filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program[2] alleging that the diphtheria, tetanus, and

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information.  To do so, Vaccine Rule 18(b) permits each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

acellular pertussis (DTaP) vaccine he received on February 15, 2010 caused him to suffer various injuries, including chronic inflammatory demyelinating polyneuropathy (CIDP).

After gathering all of his relevant medical records, Petitioner filed a motion on April 16, 2014 seeking a decision dismissing his petition, indicating that "additional information" he had gathered had led him to seek dismissal of his claim.

To receive compensation under the Program, Mr. Hofstetter must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§13(a)(1)(A) and 11(c)(1).  An examination of the record, however, did not uncover any evidence that Mr. Hofstetter suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Mr. Hofstetter's alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  §13(a)(1).  In this case, there is insufficient evidence in the record for Mr. Hofstetter to meet his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master